**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1808
_____

STEVEN A. WICKS;
CAROLINE WICKS;
WILLIAM BLAIR;
GEORGE BIDLESPACHER,

Appellants

v.

LYCOMING COUNTY;
JUDGE KENNETH D. BROWN;
JUDGE DUDLEY N. ANDERSON;
WILLIAM J. BURD;
KEVIN WAY;
DANIEL MATHERS
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 09-cv-01084)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2011
_____

Before: McKEE, Chief Judge, HARDIMAN, BARRY, Circuit Judges

(Opinion Filed: January 5, 2012)
_____

OPINION
_____

BARRY, Circuit Judge

This is an appeal from the District Court's order dismissing a federal civil rights action brought pursuant to 42 U.S.C. § 1983. Because we find that Appellants have not stated a claim upon which relief can be granted, we will affirm the District Court's dismissal of their complaint and the various other orders from which the appeal purports to be taken.

**I.**

Appellants Steven and Caroline Wicks ("the Wickses"), William Blair ("Blair"), and George Bidlespacher ("Bidlespacher") filed suit against Appellees, a variety of local government officials,[1] alleging that certain documents are missing from their civil case files, thereby violating their First and Fourteenth Amendment rights. To the extent that a unifying theme can be gleaned from the amended complaint's somewhat garbled narrative, it seems to be that Appellees conspired to prevent Appellants from prevailing in their lawsuits because those lawsuits threatened certain unstated interests of Appellees.

The Wickses' allegations stem from a divorce action and two other civil cases filed in the Court of Common Pleas of Lycoming County against Stanley Wicks, Caroline Wicks' ex-husband and Steven Wicks' father. The Wickses allege that certain litigation

---

[1] Appellees can be divided into two groups. The first group, which we refer to herein as "the Judicial Parties," includes the Honorable Dudley Anderson and the Honorable Kenneth Brown, both judges on the Lycoming County Court of Common Pleas, and Kevin Way, Lycoming County Court Administrator. The second group, referred to herein as "the County Parties," includes Daniel Mathers, Chairman of the Board of Viewers, William Burd, Lycoming County Prothonotary, and Lycoming County itself.

documents went missing from their case files while those files were in the possession of Appellees. They allege that Judge Anderson had a personal interest in these cases—although they do not tell us what it was—and they assert that "Judge Anderson's interest in the missing files made the mere fact that the files were missing particularly suspicious."

Appellant Blair is engaged in litigation with his brother before Judge Anderson following the contentious dissolution of a family jewelry business. Like the Wickses, Blair alleges that certain litigation documents, including a written order memorializing a bench ruling and a transcript of a hearing, have been lost. Blair alleges that these missing documents "indicate the intentional purloining of his 1st Amendment rights to petition and enjoy equal access to the Courts on a level with his brother."

Appellant Bidlespacher owns a plot of land that is the subject of an ongoing property dispute concerning a proposed private right of way. Bidlespacher alleges that Judge Anderson appointed Daniel Mathers to the County's "Board of Viewers" and that Mathers made certain findings related to the property dispute in that capacity. Bidlespacher alleges that Judge Anderson "is a past if not present business partner" of Mathers and that this alleged conflict of interest "demotes [sic] a violation of [his] right to enjoy access to the Courts."

In separate counts, each Appellant raises a § 1983 claim, styled as a violation of the First Amendment right of access to the courts, against various Lycoming County

3

officials. Bidlespacher also brings a substantive due process claim under the Fourteenth Amendment, and all Appellants bring a separate count alleging that Lycoming County has maintained an "unlawful custom" of denying certain individuals of their right of access to courts in violation of the First Amendment. On October 13, 2010, Magistrate Judge William T. Prince issued a report recommending that the amended complaint be dismissed in its entirety.[2] On March 8, 2011, the District Court entered an order adopting Judge Prince's report and granting Appellees' motions to dismiss. This appeal followed.

## II.[3]

We exercise plenary review over a District Court's grant of a motion to dismiss under Rule 12(b)(6). *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). In our review, we must accept as true the complaint's allegations and reasonable inferences drawn therefrom, but we "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Id.*

## III.

### A. The Judicial Parties

We start with Appellants' claims against the Judicial Parties, and observe that the doctrine of judicial immunity provides that "judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Court of*

---

[2] Judge Prince's report also pointed out that Appellants never effected service of the complaint upon Mathers. Appellants subsequently served Mathers, and he duly filed a motion to dismiss, which the District Court granted in a separate order.

*Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Appellants, however, claim that their allegations fall outside the reach of this doctrine because they arise from "inherently administrative functions" related to the handling of their case files. To determine whether the judicial immunity doctrine applies, we must establish: (1) whether the judge's actions were "judicial" in nature; and (2) whether the judge acted in the "clear absence of all jurisdiction over the subject matter." *Id.* at 768-69 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 n.6 (1978)). An act is judicial in nature if "it is a function normally performed by a judge" and if the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. In this case, the amended complaint alleges that Judge Anderson recused himself from the Wickses' lawsuits, issued a bench order in Blair's suit, and appointed Mathers to a Board of Viewers to make certain findings in Bidlespacher's property dispute. Undoubtedly, these are all acts "normally performed by a judge," and the parties in each instance interacted with Judge Anderson "in his judicial capacity." And because there is no suggestion that Judge Anderson acted "in the clear absence of all jurisdiction," *Gallas*, 211 F.3d at 769, these acts are covered by the doctrine of judicial immunity.[4]

Additionally, we have held that "the protections of judicial immunity extend to

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[4] The only mention of Judge Brown in the amended complaint is that some of the Wickses' files had been "traced . . . to the offices of Judge Brown." There is no allegation that Judge Brown actually *did* anything, however, and so there is no basis for liability. That said, to the extent that Appellants seek to hold Judge Brown liable for being in receipt of litigation documents, judicial immunity applies, as retaining case files is the type of function "normally performed by a judge." *Stump*, 435 U.S. at 362.

officials 'who perform quasi-judicial functions.'" *Id.* at 772 (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)); *see also Marcedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971) (affirming motion to dismiss based on clerk of the court's quasi-judicial immunity). Here, the only allegation concerning Way is that, as the court administrator, he transferred Blair's case to Judge Anderson. In transferring the case, Way was simply carrying out part of his official duties as court administrator, and thus he is shielded from liability by the doctrine of quasi-judicial immunity.

## B. The County Parties

The County Parties assert that the claims against them must be dismissed because Appellants have failed to allege that they took any actions which would give rise to liability under § 1983.[5] To prevail on a First Amendment retaliation claim, a plaintiff must prove three elements: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). As set forth below, however, Appellants fail to allege that any of the County Parties engaged in retaliatory action, and thus their claims must fail.

First, Appellants have not alleged any retaliatory action—or for that matter, any

---

[5] Noting that Appellants' right of access to the courts claim was brought under "no particular legal theory," the District Court construed it as a First Amendment retaliation claim. Appellants do not object to this approach on appeal, and thus we also adopt the retaliation framework.

other type of action—on the part of Lycoming County.  The Supreme Court's § 1983

jurisprudence "require[s] a plaintiff seeking to impose liability on a municipality under §

1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bd.*

*of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v.*

*Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)).  This requires a plaintiff to show

that "through its *deliberate* conduct, the municipality was the 'moving force' behind the

injury alleged."  *Id.* (emphasis in original).  In this case, however, Appellants have failed

to allege any action by Lycoming County, let alone "deliberate conduct" that would show

the County to be the "moving force" behind Appellants' alleged injuries.[6]

Appellants have similarly failed to allege any retaliatory action by Burd or

Mathers.  As for Burd, the amended complaint states only that he had an "administrative

duty to maintain the plaintiffs' files" and that certain litigation documents were lost.  The

amended complaint provides no details about when or how the files were lost or who

actually lost them, and it is utterly devoid of allegations that Burd took any action at all,

retaliatory or otherwise.  Likewise, the only mention of Mathers in the amended

complaint is that he was appointed by the court to a Board of Viewers tasked with making

findings related to a proposed private right of way over Appellant Bidlespacher's

---

[6] Indeed, the amended complaint does not even list Lycoming County as a party to the case, and the only mention of the County is a single conclusory sentence in the very last paragraph of the complaint: "Lycoming County has maintained and does maintain an unlawful custom of denying citizens in cases of interest to certain judges and other persons access to the local Court system on a basis normally available to all citizens."

property.  Again, there is no suggestion in the complaint that Mathers engaged in any retaliatory action, and thus the claim against him must also fail.[7]

## IV.  Conclusion

For the foregoing reasons, we will affirm the orders of the District Court.

---

Standing alone, such a "formulaic recitation of the elements of a cause of action" fails to state a claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[7] Appellant Bidlespacher also brings a substantive due process claim against Mathers under the Fourteenth Amendment.  The District Court described this claim as "patently frivolous," and we agree that it is obviously without merit.  To prevail, Bidlespacher must establish not only that Mathers violated his constitutional rights, but that he engaged in conduct so extreme that it "shocks the conscience."  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998).  The only allegation in the amended complaint concerning Mathers is that, in his capacity as a member of the Board of Viewers, he made certain findings in Bidlespacher's property dispute.  Suffice it to say, such an innocuous allegation does not rise to the level of conduct that "shocks the conscience."