**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4795
_____

STEVEN WICKS; CAROLINE WICKS; GEORGE BIDLESPACHER;
MARILYN BIDLESPACHER; GREG BROWN; KAREN BROWN,
Appellants

v.

DUDLEY N. ANDERSON; KEVIN WAY; ROBIN A. READ; WILLIAM BURD;
DANIEL MATHERS; MARC DRIER; MARY E. BUTLER; KENNETH D. BROWN;
LYCOMING COUNTY; THE 29TH JUDICIAL DISTRICT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-14-cv-00143)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2015

Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: July 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellants, proceeding pro se, seek review of the District Court's order granting the defendants' motions to dismiss a civil rights action brought under 42 U.S.C. § 1983. For the following reasons, we will affirm.

As we write only for the parties, who are familiar with the facts and procedural history, we will set forth only those facts necessary to our conclusions. In 2009, Steven and Caroline Wicks (the Wickses), William Blair, and George Bidlespacher filed an action in the United States District Court for the Middle District of Pennsylvania against a variety of local government officials, alleging improprieties, including missing documents, in connection with their separate state court civil cases. A Magistrate Judge recommended that the defendants' motions to dismiss be granted, and District Judge Christopher C. Conner adopted that recommendation. We affirmed. Wicks v. Lycoming Cnty., 456 F. App'x 112 (3d Cir. 2012) (not precedential) (Wicks I).

On January 27, 2014, the Wickses and George Bidlespacher, joined now by Marilyn Bidlespacher and Greg and Karen Brown, filed a new action in the District Court. They named as defendants several parties who had been sued in the 2009 action: Lycoming County Common Pleas Court Judges Dudley N. Anderson and Kenneth D. Brown; William J. Burd, the Lycoming County Prothonotary; Kevin Way, the Lycoming County Court Administrator; Daniel Mathers, Chairman of the Board of Viewers; and Lycoming County and the 29th Judicial District of Pennsylvania ("29th District"). The plaintiffs added as defendants Judge Conner; Robin Read and Mary Butler, attorneys who represented the defendants in Wicks I; and Marc Drier, an attorney who represented

2

Caroline Wicks in divorce proceedings. The plaintiffs complained again about allegedly missing documents, and asserted that the defendants conspired to thwart their state and federal court cases. The defendants filed motions to dismiss, arguing, inter alia, that the plaintiffs' claims were barred by the applicable statute of limitations. The District Court agreed and dismissed the complaint with prejudice. The plaintiffs appealed.[1]

Claims brought under § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). For civil rights actions originating in Pennsylvania, a two-year statute of limitations applies. Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000); 42 Pa. Cons. Stat. § 5524. A § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). The running of the statute of limitations is an affirmative defense that generally must be raised by the defendant. See Fed. R. Civ. P. 8(c).

The plaintiffs' claims pertain to injuries that allegedly occurred in 2007 and 2009, during the adjudication of their state court lawsuits and the Wicks I litigation. Therefore,

---

[1] We have appellate jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over a District Court's decision to grant a motion to dismiss on statute of limitations grounds. See Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 181 (3d Cir. 1997). Because we agree that the plaintiffs' claims are time-barred, we will not consider the District Court's additional determinations that claims were barred by res judicata, that the attorney-defendants did not act under color of state law, that the judicial defendants were protected by immunity, and that some of that the plaintiffs' allegations were insufficient under the pleading standards articulated in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

3

as the defendants argued, the two-year statute of limitations expired well before the plaintiffs filed the present action on January 27, 2014.[2] The plaintiffs seek to avoid the statute of limitations bar by asserting that their injuries are ongoing, see Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (discussing continuing violations theory), and that they "did not learn of the fraud and falsehoods visited upon them until the summer of 2013"); Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014) (discussing Pennsylvania's discovery rule). In support of these claims, the plaintiffs point to letters, emails, and handwritten notes pertaining to their state court lawsuits, Wicks I, and a judicial complaint against Judge Anderson. The dates of these documents, however, indicate that they were generated more than two years before the plaintiffs filed the present lawsuit. Although the plaintiffs alleged that their complaint was based on "after-discovered information which demonstrates . . . egregious judicial corruption[,]" they fail to identify that "information." Finally, there is no indication in the record that the defendants prevented the plaintiffs from discovering their alleged injuries through fraud or concealment. See Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir. 1991).

For the foregoing reasons, we will affirm the District Court's judgment.

---

[2] As the District Court noted, the plaintiffs' claims are untimely even if the statute of limitations did not begin to run until we affirmed the dismissal of Wicks I on January 5, 2012. In addition, Pennsylvania's two year statute of limitations bars the plaintiffs from raising a malpractice claim against Marc Drier, whose representation of Caroline Wicks in divorce proceedings ended in 2006. Knopick v. Connelly, 639 F.3d 600, 606 (3d Cir. 2011) ("Pennsylvania imposes a two-year statute of limitations on tortious conduct, including legal malpractice actions.").